Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite L-50
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------
JOYDEV CHAKRABORTY,                        :
                                           :   06CV:1982
                        Plaintiff,         :
                                           :   ECF
        - against -                        :
                                           :
HARTFORD LIFE INSURANCE                    :
COMPANY,                                   :
                                           :   **COMPLAINT**
                        Defendant.         :
----------------------------------------------------------

Plaintiff, JOYDEV CHAKRABORTY, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendant HARTFORD LIFE INSURANCE COMPANY ("Hartford"), hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff JOYDEV CHAKRABORTY, was and still is a resident of the State of New Jersey.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Hartford is a publicly owned life insurance company with its principal place of business at 200 Hopmeadow Street, Simsbury, CT 06089.

3. Upon information and belief, at all times hereinafter mentioned, Defendant is a corporation duly licensed to conduct business in the State of New York.

4.      Hartford insures the group LTD policy, number GLT205179, issued to the policy holder Time Warner, Inc. ("Time Warner"), for the benefit of certain of its employees.

5.      Time Warner has its offices at One Time Warner Center, New York, NY 10019, within the Southern District of New York.

6.      Plaintiff last worked at Time Warner in 1998, at which time he was a "participant", as defined by 29 U.S.C. § 1002, in the Employee Benefit Plan providing Group Long Term Disability Benefits for employees of Time Warner ["the Plain"].

7.      Both Hartford and the Plan Administrator do business within the Southern District of New York.

## JURISDICTION AND VENUE

8.      Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

9.      Venue in the Southern District of New York is appropriate because Defendant Hartford resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

10.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

11.      At all times hereinafter mentioned, Plaintiff was an employee of Time Warner, Inc. ("Time Warner").

12.      During Mr. Chakraborty's employment with Time Warner, Defendant Hartford issued to Time Warner a long term group disability income policy (hereinafter the "Policy").

13. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Time Warner employees in exchange for the payment of premiums by Time Warner and/or the employees.

14. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued by Hartford.

15. Said policy issued by Hartford provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

16. On or about March 17, 1998, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

17. On or about January 19, 2005, Hartford issued a unilateral decision to pay ongoing benefits to Plaintiff under the Mental Illness provision of the policy therefore limiting Plaintiff's benefits to January 5, 2007.

18. As of this date, Plaintiff continues to be disabled in that he is unable to perform all of the duties of his or any occupation, as a result of his suffering from co-morbid conditions, including HIV, hyperlipidemia, hip necrosis, Coronary Artery Disease, as well as hypothyroidism.

19. After receiving the claim forms, Plaintiff filed a claim, cooperated with Defendant Hartford, provided proper proof of loss, and otherwise compiled with the policy terms and conditions regarding the filing of a claim.

20. Pursuant to the policy, Hartford is obligated to continue to make monthly benefits to Plaintiff while he remains disabled beyond January 5, 2007.

21. Despite Plaintiff's total disability, Defendant has denied to recognize Plaintiff's eligibility for benefits under his co-morbid physical conditions, although payment thereof has been duly demanded.

22. Said refusal on the part of Defendant Hartford is a willful and wrongful breach of the policy terms and conditions.

23. Defendant Hartford is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

24. Defendant Hartford's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the failure to consider the impact of his co-morbid physical conditions on his ability to perform all of the regular duties of his job with Time Warner, the failure to consider the impact of his medications on his ability to perform all of the regular duties of his job, or any occupation for which he may be suitable.

25. Defendant Hartford's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

26. Defendant Hartford's claim handling failed to provide Plaintiff with a full and fair review of his claim.

27. Defendant Hartford's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant Hartford's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

28. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

29. Plaintiff is entitled to a De Novo review of his claim.

**WHEREFORE**, Plaintiff JOYDEV CHAKRABORTY prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that he is unable to perform all of his duties of his job with Time Warner based upon his suffering from co-morbid conditions, including HIV, hyperlipidemia, hip necrosis, Coronary Artery Disease, as well as hypothyroidism;

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

f) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g) Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
March 13, 2006

By:    /s/ Justin C. Frankel
Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite L-50
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

X:\Shared\Chakraborty\Complaint.wpd